FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2019 AUG -5 PM 2: 38
CLERK'S OFFICE
AT GREENBELT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
## Southern Division

| | | |
|---|---|---|
| MICHAEL RICO, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GJH-18-1949 |
| ROBERT GREEN, | * | |
| Defendant. | * | |

*****

| | | |
|---|---|---|
| MICHAEL RICO, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GJH-18-1950 |
| SUSAN MALAGARI, | * | |
| Defendant. | * | |

*****

| | | |
|---|---|---|
| MICHAEL RICO, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GJH-18-1951 |
| SGT. CHRISTOPHER AVEN, | * | |
| Defendant. | * | |

*****

| | | |
|---|---|---|
| MICHAEL BRIAN RICO, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GJH-18-1952 |

| | |
|---|---|
| **ERIC WATKINS,** | * |
| **Defendant.** | * |

*****

| | | |
|---|---|---|
| **MICHAEL RICO,** | * | |
| **Plaintiff,** | * | |
| v. | * | **Civil Action No. GJH-18-1953** |
| **ROBIN WHITE,** | * | |
| **Defendant.** | * | |

*****

## MEMORANDUM OPINION

On June 27, 2018, *pro se* Plaintiff Michael Rico filed separate 42 U.S.C. § 1983 civil rights complaints against Robert Green, Susan Malagari, Sgt. Christopher Auen,[1] Eric Watkins, and Robin White (collectively, "Defendants"). ECF No. 1 in Civil Action Nos. GJH-18-1949 ("Case No. 49"), GJH-18-1950 ("Case No. 50"), GJH-18-1951 ("Case No. 51"); GJH-18-1952 ("Case No. 52"), GJH-18-1953 ("Case No. 53"). Rico claims that each Defendant violated his constitutional rights while he was housed in the Montgomery County Correctional Facility ("MCCF") in Boyds, Maryland from 2017 to 2018. *See id.* He seeks declaratory and injunctive relief, as well as monetary damages. *Id.*

Subsequently, Defendants Green, Malagari, Auen, and White each filed Motions to Dismiss. ECF No. 14, Case No. 49; ECF No. 10, Case No. 50; ECF No. 13, Case No. 51; ECF No. 17, Case No. 53. Meanwhile, Defendant Watkins filed a Partial Motion to Dismiss and a Partial Answer. ECF Nos. 11 & 12, Case No. 52. Rico responded to each of Defendants' motions. ECF Nos. 16 & 17, Case No. 49; ECF Nos. 12 & 17, Case No. 50; ECF Nos. 15 & 17,

---

[1] The Clerk shall be directed to amend docket to reflect the correct spelling of Defendant Christopher Auen's name.

2

Case No. 51; ECF No. 16, Case No. 52; ECF No. 19, Case No. 53. Defendants Green, Auen, and Watkins then replied. ECF No. 18, Case No. 49; ECF No. 20, Case No. 51; ECF No. 22, Case No. 52. Rico filed Motions to File Surreply as to Green, Auen, and White (ECF No. 28, Case No. 49; ECF No. 23, Case No. 51; ECF No. 34, Case No. 53), which shall be granted.[2] Accordingly, Green's Motion to Strike Surreply (ECF No. 26, Case No. 49) will be denied as moot.

Given the relatedness of Rico's allegations against Defendants, the cases are best considered together for the purpose of dispositive review and in the interest of judicial economy. Therefore, they shall be consolidated into Case No. 49, and the Clerk shall be directed to close Case Nos. 50-53.

For the reasons stated below, the Motions to Dismiss filed by Defendants Green, Malagari, Auen, and White shall be granted in part and denied without prejudice in part. Defendant Watkins' Partial Motion to Dismiss shall be granted. To the extent Rico seeks declaratory or injunctive relief in these consolidated cases, those claims shall be dismissed. His claims for monetary damages shall proceed. Within 30 days of the date of this Order, Defendants shall file an Answer to the consolidated Complaint ("Complaint") or a renewed dispositive motion with adequate supporting materials. The parties are reminded that all future pleadings related to these claims must note "Civil Action No. GJH-18-1949."

## I. BACKGROUND

Rico alleges that at 3:30 a.m. on September 28, 2017, he was brought to the MCCF medical unit after complaining of a migraine and vomiting. ECF No. 1 at 4-5, Case No. 52.[3] Rico

---

[2] Rico also filed a Motion to Withdraw Motion to Amend, ECF No. 20, Case No. 49. Because it is unclear as to what pleading Rico is seeking to amend, that motion shall be denied.

[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

3

states that he asked for medicine, but the nurse who was on duty refused to give it to him. *Id.* After Rico had a disagreement with the nurse, correctional officers arrived. *Id.* One of the officers, Defendant Eric Watkins, handcuffed Rico with his hands behind his back, brought him to the segregation unit, and told him to enter a shower and face the rear wall in order to be strip searched. *Id.* at 6. Rico claims that Watkins then slammed his head on the wall three times, causing a gash to his right eye, before slamming him to the ground. *Id.* At that time, another officer entered and Watkins performed the strip search, allegedly grabbing Rico's genitals. *Id.* Rico states that about an hour later, he was taken to the hospital to be treated for his injuries. *Id.*

Rico has filed suit against Watkins, claiming that as a result of the assault he continues to suffer physically and psychologically. *Id.* As relief, he seeks paid medical therapy and treatment, monetary damages for pain and suffering, and an order directing Defendants to update the MCCF inmate handbook to include a discussion of correctional officers' use of force, including the scope of strip searches. *Id.* at 7.

Rico also filed suit against Robin White, a Nurse Supervisor at MCCF, whom he claims is responsible for the nursing staff. ECF 1 at 5-7, Case No. 53. According to Rico, the September 28, 2017 episode in which he was denied medication led to the assault by Watkins. *Id.* at 5-7. Rico also claims that White has repeatedly refused to give him needed medication and failed to address grievances involving her staff. *Id.* As relief, he seeks more accountability and oversight within the nursing staff, a change in policy to allow inmates to keep medication in their cells, and "monetary damages for pain and suffering." *Id.* at 5.

Rico also filed a civil action against Christopher Auen, whom Rico claims was responsible for investigating the assault by Watkins. ECF No. 1 at 3, Case No. 51. Specifically, Rico alleges that Auen admitted he did not investigate Rico's claim that Watkins grabbed his

4

genitals during the strip search. *Id.* As relief, Rico seeks possible removal of Auen, better oversight at MCCF, as well as "monetary damages for pain and suffering from assault." *Id.*

Lastly, Rico brought suit against Robert Green, the Director of the Montgomery County Department of Correction and Rehabilitation ("MCDOCR"),[4] and Susan Malagari, Warden of MCDOCR. ECF No. 1, Case Nos. 49 & 50. Rico claims that Green had been aware of the deficiencies of the surveillance camera system at MCCF for 10 years but did not install new and additional cameras until March 8, 2018. ECF No. 1 at 4, Case No. 49. Rico also claims that Green failed to respond to grievances from March 12, 2018 to May 8, 2018, and that Green and Malagari have admitted that they do not know what happens to grievances. *Id.* at 4-5; ECF 1 at 5-6, Case No. 50. According to Rico, these failures in the grievance process at MCCF enabled his assault on September 28, 2017 and endangered his health and safety on December 8, 2018. *Id.*

Moreover, Rico claims that under Green and Malagari's supervision, no one at MCCF knew the process for handling inmates' certified mail and, as a result, he was not provided certified mail service from March to April 2018. ECF No. 1 at 5-6, Case No. 49; ECF No. 1 at 4-5, Case No. 50. Rico also alleges that Green and Malagari have failed to update and correct the MCCF inmate handbook to reflect policies regarding use of force, strip searches, leg shackles, and certified mail. ECF No. 1 at 6, Case No. 49; ECF No. 1 at 6, Case No. 50. Rico also alleges that on several occasions, MCCF staff violated a "quad schedule" made effective as of March 1, 2018 which provided that inmates be allowed 30 minutes outside the cell, and that he was punished for "inciting a riot" by being locked in his cell because he was informing inmates of their rights. ECF No. 1 at 6-7, Case No. 49; ECF No. 1 at 7, Case No. 50.

---

[4] According to Defendants, MCDOCR is the Department within Montgomery County that operates MCCF. ECF 1 at 2 n.1, Case No. 49.

As relief, Rico seeks an order directing Defendants to eliminate the quad schedule and enforce state standards for time that inmates may spend outside of their cells, fix the grievance process at MCCF, submit to monitors and audits, properly update the inmate handbook, and provide certified mail service. ECF No. 1 at 4, 8, Case Nos. 49 & 50. In addition, he seeks "monetary damages for pain and suffering from assault by Sgt. Eric Watkins" which resulted from "failures of grievance process and . . . camera failures." *Id.*

On July 11, 2018, Rico was released from MCCF and transferred to the Maryland State Division of Corrections, which operates under the Department of Public Safety and Correctional Services. ECF No. 4, Case Nos. 49-53.

## II.  STANDARD OF REVIEW

In reviewing a Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6), the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to

dismiss. *Id.* at 555. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III. DISCUSSION

Plaintiff's claims are most logically read as seeking relief pursuant to 42 U.S.C. § 1983 for violations of the Eighth Amendment prohibition on cruel and unusual punishment, which governs use of force, *see Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010), and the adequacy of medical care, *see DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018), the First Amendment prohibition on retaliation, *see Martin v. Duffy*, 858 F.3d 239, 249-50 (4th Cir. 2017), and the Due Process Clause of the Fourteenth Amendment.

Citing Federal Rules of Civil Procedure 12(b)(6), Defendants seek dismissal of the portion of Rico's Complaints wherein he requests declaratory and injunctive relief, arguing that Rico's request for declaratory and injunctive relief is moot because he is no longer incarcerated at MCCF and he has no reasonable expectation of returning in the future. ECF 14 at 4-7, Case No. 49; ECF 10 at 5-8, Case No. 50; ECF 9 at 4-7, Case No. 51; ECF 11 at 3-6, Case No. 52; ECF 17-1 at 6-9, Case No. 53.

Article III of the Constitution limits the judicial power to "actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of

7

Article III – when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (internal quotation marks omitted). For a declaratory judgment to issue, there must be a dispute which "calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts." *Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 242 (1937); *see also Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). Where injunctive or declaratory relief is requested in an inmate's complaint, it is possible for events occurring subsequent to the filing of the complaint to render the matter moot. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner moots his Eighth Amendment claims for injunctive and declaratory relief); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) (holding that the transfer of a prisoner rendered moot his claim for injunctive relief). Section 1983 actions seeking injunctive and/or declaratory relief have consistently been declared moot when the practices, procedures, or regulations challenged were no longer in use. *See, e.g., Tawwab v. Metz*, 554 F.2d 22, 23-24 (2d Cir. 1977); *Bradley v. Judges of Superior Court*, 531 F.2d 413 (9th Cir. 1976); *Locke v. Bd. of Pub. Instruction*, 499 F.2d 359 (5th Cir. 1974); *Wilkinson v. Skinner*, 462 F.2d 670 (2d Cir. 1972); *Uzzell v. Friday*, 401 F. Supp. 775 (M.D.N.C. 1975), *aff'd in pertinent part*, 547 F.2d 801 (4th Cir. 1977); *Rappaport v. Little League Baseball, Inc.*, 65 F.R.D. 545, 547-48 (D. Del. 1975). As Rico is no longer housed at MCCF, his claims for declaratory and injunctive relief are moot as to all Defendants and shall be dismissed.

However, Defendants' claims for monetary relief are not mooted by his transfer. Defendants Green, Malagari, and Auer's Motions to Dismiss do not challenge any of Plaintiff's

allegations, and Plaintiff's claims for monetary relief must still be resolved.[5] The Motions to Dismiss are therefore granted as to the injunctive relief but denied as to monetary relief.

In addition, Defendant White contends that Rico has not stated a valid cause of action against her due to lack of personal involvement on her part and Rico's failure to adequately plead an Eighth Amendment violation. ECF 17-1 at 9-14, Case No. 53. The Eighth Amendment requires that prisoners be given "adequate medical care while incarcerated." *DePaola*, 884 F.3d at 486. A prison official's "deliberate indifference" to an inmate's serious medical needs constitutes a violation of the Eighth Amendment. *Id.* To state a claim for deliberate indifference, "a prisoner must show that he had a serious medical need, and that officials knowingly disregarded that need and the substantial risk it posed." *Id.* "A 'serious medical need' is a condition 'diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Id.*

Taking the allegations in Rico's Complaint as true and providing the Complaint liberal construction as this Court is required to do with self-represented pleadings, Plaintiff states a colorable Eighth Amendment claim. Rico has alleged that Defendant White denied or delayed him getting medication for migraines. ECF No. 1, Case No. 53. Courts have previously found the alleged delay or denial of migraine medication to state a claim for deliberate indifference. *See Royster v. Corizon*, No. 3:CV-13-1449, 2014 WL 1655088, at 5 (M.D. Pa. 2014). Therefore, Defendant White's motion to dismiss her monetary damages claim is denied.

---

[5] Though unclear, Plaintiff seems to allege that Director Green and Warden Malagari are liable under *Monell* for a variety of omissions, that Warden Malagari retaliated against him in violation of the First Amendment for informing inmates about their rights, and that Auer is liable under the Eighth and/or Fourteenth Amendments for refusing to investigate his assault

9

## IV. CONCLUSION

The cases shall be consolidated into Civil Action No. GJH-18-1949. Rico's Motions to File Surreply shall be granted, and his Motion to Withdraw Motion to Amend shall be denied. Defendant Green's Motion to Strike Surreply shall be denied, and the Motions to Dismiss filed by Defendants Green, Malagari, Auen, and White will be granted in part and denied without prejudice in part. Defendant Watkins's Partial Motion to Dismiss shall be granted, and to the extent Rico seeks declaratory or injunctive relief, those claims shall be dismissed. Rico's claims for monetary damages shall proceed. Defendants will be directed to file an Answer to the consolidated Complaint or a renewed dispositive motion with adequate supporting materials. Plaintiff shall be appointed counsel. A separate Order follows.

August 5, 2019
Date

/s/ 
GEORGE J. HAZEL
United States District Judge